# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRIEANNE DAIGLE,**

               **Plaintiff,**

**v.**                                                      **Case No:   6:14-cv-1008-Orl-22KRS**

**ANGELINE ENTERPRISES, INC.,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 23)** |
| **FILED:** | **September 4, 2015** |

## I.     BACKGROUND.

       Plaintiff Brieanne Daigle ("Mrs. Daigle"), as the widow of Christopher Daigle ("Mr. Daigle"), filed suit against Mr. Daigle's former employer, Angeline Enterprises, Inc. ("Angeline"), alleging that Angeline unlawfully denied Mr. Daigle overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*   Doc. No. 1.   On September 4, 2015, the parties filed the instant motion indicating that they had reached a settlement, and requesting that the Court approve their settlement as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).   The parties attached to their motion a copy of their settlement agreement ("Settlement Agreement").   *See* Doc. No. 23-1.   The parties stipulate to entry of a judgment

dismissing the case with prejudice if the Court approves the Settlement Agreement.   Doc. No. 23, at 3.

The motion was referred to me for issuance of a Report and Recommendation. Accordingly, the matter is now ripe for review.

## II.   APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   679 F.2d at 1353.   Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam) (unpublished decision cited as persuasive authority).   If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.   *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

### III.    ANALYSIS.

A.    *Capacity of Mrs. Daigle to Bring this Lawsuit.*

Mrs. Daigle filed this lawsuit after Mr. Daigle's death.   Doc. No. 1 ¶ 5.   She was permitted to do so because a claim for compensation due under the FLSA survives the death of the employee. *Acebal v. United States*, 60 Fed. Cl. 551, 557 (2004).   Moreover, FLSA actions can be maintained by a representative of a deceased employee.   *Mitchell v. Lancaster Milk Co.*, 185 F. Supp. 66, 71 (M.D. Pa. 1960).

The ability to sue in a representative capacity is determined by the relevant state law. *Acebal*, 60 Fed. Cl. at 557 (citing Fed. R. Civ. P. 17(b)).   Florida law permits an action to be prosecuted in the name of a real party in interest, Fla. R. Civ. P. 1.210(a), "that is, 'the person in whom rests, by substantive law, the claim sought to be enforced.'"   *Kumar Corp. v. Nopal Lines, Ltd.*, 462 So. 2d 1178, 1183 (Fla. 3d Dist. Ct. App. 1985) (citing Fla. R. Civ. P. 1.210 author's cmt., 30 Fla. Stat. Ann. 304, 306-07 (1967)).   Section 222.15(1), Florida Statutes, permits an employer to pay wages due to a deceased employee to the employee's surviving spouse, thereby exempting those wages from levy by the decedent's creditors.   The wages may be paid without the need to administer the decedent's estate in probate court.   Fla. Stat. § 222.16.   Because Angeline is willing to pay the wages to Mrs. Daigle, if the Court finds that the settlement is fair and reasonable, I recommend that the Court conclude that Mrs. Daigle is a real party in interest eligible to bring the FLSA claim on Mr. Daigle's behalf under the unique circumstances of this case.

B.    *Mrs. Daigle Will Receive All FLSA Compensation Arguably Owed to Mr. Daigle.*

Mr. Daigle worked for Angeline as a sales manager.   Doc. No. 14, at 3 ¶ 4.   In Mrs. Daigle's answers to the Court's interrogatories, she averred that Mr. Daigle was due $948.27 for unpaid overtime compensation, plus $948.27 in liquidated damages.   *Id.* at 5 ¶ 7.   Under the

Settlement Agreement, Mrs. Daigle will receive $948.27 for unpaid overtime compensation, plus an additional $948.27 in liquidated damages.   Doc. No. 23, at 2; Doc. No. 23-1, at 1.   Therefore, I recommend that the Court find that Mrs. Daigle has not compromised Mr. Daigle's FLSA claim because she will receive the full amount of compensation, including liquidated damages, that she alleges Mr. Daigle was owed.

      C.      *Attorney's Fees and Costs.*

Under the Settlement Agreement, Mrs. Daigle's counsel will receive $3,103.46 for attorney's fees and costs.   Doc. No. 23, at 2; Doc. No. 23-1, at 1.   Because Mrs. Daigle will receive all of the FLSA wages and liquidated damages claimed to be due, the amount of attorney's fees and costs paid under the Settlement Agreement could not have tainted the amount she agreed to accept to settle the case.   Accordingly, the Court need not scrutinize the Settlement Agreement further to consider whether the attorney's fees and costs to be paid are reasonable.   *See Caamal v. Shelter Mortg. Co.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013).

      D.      *Whether the Settlement Is Fair and Reasonable.*

"[O]nce the parties have agreed that Plaintiff will receive every penny he is entitled to under the FLSA and that compensation will not be diluted by attorneys['] fees or costs or other such provisions, the Court's review responsibilities under *Lynn's Food* are done."   *Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *6 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).   Based on the *Jarvis* decision, the Court need not consider whether there are other non-cash concessions that render the settlement agreement unfair or unreasonable.

## IV.    RECOMMENDATION.

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1)    **GRANT** the Joint Motion For Approval Of Settlement And Dismissal With Prejudice (Doc. No. 23);

2)    **FIND** that the Settlement Agreement is fair and reasonable;

3)    **DISMISS** the case with prejudice; and,

4)    **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on October 27, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy